**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KASHI HERNANDEZ,**<br>*Plaintiff,*<br><br>v.<br><br>**REVOLUT TECHNOLOGIES INC.,**<br>*Defendant.* | **Case No. 1:26-cv-09372 (JLR)**<br><br>**APPLICATION FOR PRO BONO COUNSEL & MOTION FOR ADA ACCOMMODATIONS** |

## APPLICATION FOR THE COURT TO REQUEST PRO BONO COUNSEL AND MOTION FOR ADA WRITTEN ACCOMMODATIONS

**TO THE HONORABLE JENNIFER L. ROCHON, UNITED STATES DISTRICT JUDGE:**

The Plaintiff, **Kashi Hernandez**, respectfully submits this Application for the Court to Request Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1), alongside a Request for Reasonable ADA Communication Accommodations. In support of this application, Plaintiff states as follows:

### I. FINANCIAL HARDSHIP & INDIGENCY

I do not have the financial resources or income available to afford or retain private legal counsel. I am unable to hire an attorney to represent me in this federal civil action and am proceeding pro se due to complete financial inability to pay private legal retainers or attorney fees.

### II. DISABILITY & COMMUNICATION BARRIERS

I am **mute** and rely on written communication. Appearing pro se in federal court without legal representation presents severe communication and procedural barriers. Written accommodations and court-appointed pro bono counsel are necessary to ensure meaningful access to justice and equal participation in these proceedings under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973.

### III. EFFORTS TO OBTAIN COUNSEL

I have not retained private counsel because I am without financial means to afford legal representation. I am directly petitioning this Honorable Court to request volunteer pro bono counsel through the Court's Pro Bono Panel pursuant to 28 U.S.C. § 1915(e)(1).

### IV. MERITS OF THE CASE & NEED FOR COUNSEL

This case involves legal claims against Revolut Technologies Inc. regarding account access, financial restrictions, and statutory compliance. Managing federal litigation, written motions, and procedural requirements without an attorney places an extraordinary burden on me given my communication disability and inability to conduct formal discovery alone.

## V. CONCLUSION & REQUESTED RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Grant this application and request pro bono counsel to represent Plaintiff in this matter pursuant to 28 U.S.C. § 1915(e)(1);
2. Permit Plaintiff to communicate and submit arguments in writing during all court proceedings as a reasonable accommodation for Plaintiff's disability; and
3. Grant a brief adjournment of upcoming case management deadlines to allow time for the resolution of these requests.

Respectfully submitted,

*/s/ Kashi Hernandez*
**Kashi Hernandez**
Pro Se Plaintiff
Email: kashihernandez123@gmail.com
Dated: October 30, 2026

---

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, a copy of the foregoing Application was served via electronic mail upon defense counsel of record for Revolut Technologies Inc. at legal@revolut.com and formalcomplaints@revolut.com.

*/s/ Kashi Hernandez*
Kashi Hernandez

Plaintiff's request is GRANTED in part and DENIED in part.

Plaintiff's request for pro bono counsel is DENIED at this time. There is "no constitutionally guaranteed right to the assistance of counsel in a civil case," *Leftridge v. Conn. State Trooper Off. No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011), and in determining whether counsel should be requested for a pro se litigant, a court has "broad discretion," *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). The Court is required to "first determine whether the indigent[ plaintiff]'s position [i]s likely to be of substance" before considering other criteria, such as a plaintiff's ability to obtain representation independently or handle the case without assistance. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Given the nature of Plaintiff's complaint, and Defendant's forthcoming motion regarding jurisdictional relief, *see* Dkt. 15, the Court denies Plaintiff's request for pro bono counsel at this time.

Plaintiff's request that she communicate and submit arguments in writing during all court proceedings as a reasonable accommodation is GRANTED. Plaintiff's request for a brief adjournment of upcoming case management deadlines is DENIED. All current deadlines shall remain in place absent further order of the Court. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 16.

**SO ORDERED.**

Dated: November 9, 2026
New York, New York

Jennifer Rochon
**JENNIFER L. ROCHON**
**United States District Judge**